IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>MICHAEL MYERS (13),<br><br>     Defendant. | Case No. 14-40005-DDC |

### MEMORANDUM AND ORDER

On May 7, 2015, Judge Sebelius held a hearing, at the government's request, to determine whether to revoke defendant Michael Myers' pretrial release in this case (Doc. 416). After the hearing Judge Sebelius revoked Mr. Myers' pretrial release and ordered him detained pending trial (Doc. 436). On July 9, 2015, Mr. Myers filed a motion for reconsideration of Judge Sebelius' order (Doc. 442). He filed an amended, though largely similar, motion on July 13, 2015 (Doc. 445). The Court held a hearing on Mr. Myers' motions on July 14, 2015. The Court conducts a de novo review of Judge Sebelius' revocation order. *United States v. Bunce*, No. 00-40024-07-SAC, 2000 WL 1542584, at *2 (D. Kan. Sept. 29, 2000). After reviewing the evidence and arguments of counsel, the Court denies Mr. Myers' motions.

Under 18 U.S.C. § 3148, "a person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." The Court must enter an order of revocation if, after a hearing, it:

(1) finds that there is—

>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>
>> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that—
>
>> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>>
>> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

On the first prong of this provision, the Court finds that probable cause exists to believe that Mr. Myers has committed a state or local crime. On April 6, 2015, he was charged with Assault Family Violence in Montgomery County, Texas, after an altercation with his co-defendant in this case, Michelle Reulet. The Court has reviewed the voluntary written statement that Ms. Reulet provided to a law enforcement officer about this incident and also has listened to the emergency 911 call she made to Texas authorities that morning. Based on this evidence, the Court concludes that there is probable cause to believe that Mr. Myers committed the crime of Assault Family Violence.

Also, clear and convincing evidence exists to believe that Mr. Myers has violated a condition of his pretrial release. Mr. Myers admits he did not notify his probation officer immediately about his contact with a law enforcement officer on April 6, or about the resulting charge. Indeed, Mr. Myers' Probation Officer contacted him, not the other way around.

On the second prong of § 3148, the Court finds that "there is no condition or combination of conditions of release that will assure that" Mr. Myers does not pose a danger to

Ms. Reulet's safety. 18 U.S.C. § 3148(b). Title 18 U.S.C. § 3142(g) instructs the Court, when deciding whether any conditions exist that reasonably will assure the safety of Ms. Reulet, to consider four factors. First, the Court must consider "the nature and circumstances of the offense[s]" charged against Mr. Myers. § 3142(g)(1). The Superseding Indictment charges Mr. Myers with substantial violations of the Controlled Substances Act, ones that could produce sentences as long as 20 years. In such a case, a rebuttable presumption arises that no sufficient conditions exist. 18 U.S.C. § 3142(e)(3)(A). As detailed more fully in the following discussion of the other three statutory factors, Mr. Myers has failed to rebut this presumption.

Section 3142(g) next instructs the Court to consider the weight of the evidence against Mr. Myers. This requirement is a daunting proposition in a complex case (as this one is) with a broad geographic and factual reach. But the government has represented that it possesses communications that Mr. Myers authored and they manifest, the government says, his awareness that he was engaging in criminal behavior. Ultimately, a jury will decide whether these communications are what the government says they are and, together with other evidence, whether they will enable the government to carry the heavy burden our system imposes in a criminal case. But without expressing any opinion whether the government's evidence will carry that ultimate burden, the Court concludes that the government possesses a substantial case against Mr. Myers that, in part, is based on his written words.

Section 3142(g) also provides that the Court must consider the defendant's history and characteristics, including things such as Mr. Myers' family ties, his financial resources, and his criminal history. Some of factors militate against detention. His criminal history is limited (even considering the April altercation) and he has family ties in the area where he lives. But his financial resources now appear severely strained (limited enough, he represents, to qualify for

appointed counsel); and the government also has asserted that a co-defendant owns and soon will forfeit the house where Mr. Myers had lived with Ms. Reulet before he was detained. This factor, on balance, is a neutral one.

Finally, § 3142(g) directs the Court to consider the seriousness of the danger that Mr. Myers' release would pose for the greater community or any member of it. "The government must prove dangerousness to any other person or the community by clear and convincing evidence." *United States v. Poole*, No. 03-40065-01-SAC, 2004 WL 1732306, at *2 (D. Kan. July 15, 2004). The Court finds that Mr. Myers does not present a danger to members of the community, generally. But clear and convincing evidence establishes that Mr. Myers presents a significant and increasing threat to Ms. Reulet's well-being. The evidence shows that Mr. Myers has a long history of using abusive language towards Ms. Reulet. The events of April 6 confirm that the toxic nature of the relationship has escalated. And the evidence does not end there. Three weeks after the April 6 incident, Mr. Myers engaged Ms. Reulet in another altercation—this time by text message. Mr. Myers' texts, read into the record at the hearing, reveal a verbally abusive and aggressive temperament. Ms. Reulet's texts to Mr. Myers repeatedly attempted to disengage from this dispute. Mr. Myers, however, continued to pursue Ms. Reulet, and he concerned her enough that she would not return to the dwelling she shared with Mr. Myers at the time. The Court finds these texts particularly troubling because Mr. Myers sent them at a time when he knew that his Probation Officer was scrutinizing him closely. The record before the Court demonstrates, by clear and convincing evidence, that Mr. Myers poses a significant threat of danger to Ms. Reulet. Taken together, the factors in § 3142(g) persuade the Court that no single condition or combination of conditions will assure her safety.

In addition, the Court finds that Mr. Myers is unlikely to abide by any conditions it might impose. *See* 18 U.S.C. § 3148(b)(2)(B).  While Mr. Myers did comply with many conditions for a significant period after Judge Sebelius' initial order releasing him pending trial, the more recent evidence is different.  There is probable cause to believe that Mr. Myers violated at least two conditions of his release and one is more troubling than the other.  Namely, he chose not to report his contact with a law enforcement officer to his Probation Officer.  His failure to report is particularly troubling because, in Mr. Myers' view, the April 6 altercation he failed to report was not "a big deal."  If the Court cannot rely on Mr. Myers to inform his Probation Officer about situations he considers minor—and the unchallenged facts establish it cannot—the Court cannot rely on Mr. Myers to abide by more limiting conditions designed to preserve the safety of others.

It is regrettable that Mr. Myers could not comport his behavior to the pretrial release conditions that our Court imposed (with his agreement).  Had he managed to do so, he would have remained on release until a jury could decide the charges against him.  But the evidence here satisfies both aspects of § 3148(b).  The Court thus denies Mr. Myers' motion to reconsider Judge Sebelius' order revoking his pretrial release.  The Court orders Mr. Myers detained pending trial on the same terms and conditions specified in Judge Sebelius' order of May 7, 2015.  *See* Doc. 436.

 **IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Myers' Motions for Reconsideration (Docs. 442, 445) are denied.

**IT IS SO ORDERED.**

**Dated this 16th day of July, 2015, at Topeka, Kansas.**

                                             **s/ Daniel D. Crabtree**
                                             **Daniel D. Crabtree**
                                             **United States District Judge**